1  Lisa M. Carvalho (SBN 161420)
   Email: lcarvalho@reedsmith.com
2  Daniel J. Valim (SBN 233061)
   Email: dvalim@reedsmith.com
3  REED SMITH LLP
   1999 Harrison Street, Suite 2400
4  Oakland, CA 94612-3572

5  **Mailing Address:**
   P.O. Box 2084
6  Oakland, CA 94604-2084

7  Telephone:    +1 510 763 2000
   Facsimile:    +1 510 273 8832
8
   Attorneys for Defendant
9  Schering-Plough Corporation

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 8 2008

CLERK OF THE SUPERIOR COURT
By___BARBARA LAMOTTE___
                              Deputy

10         SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF ALAMEDA

12  SHELLEY BLAM,                          No.: RG08397844

13              Plaintiff,                 **DEFENDANT SCHERING-PLOUGH
                                           CORPORATION'S NOTICE TO THE
14      vs.                                CLERK OF THE
                                           SUPERIOR COURT OF ALAMEDA AND
15  SCHERING-PLOUGH CORPORATION, DOES      TO ADVERSE PARTY OF REMOVAL TO
    1 TO 10,                               FEDERAL COURT UNDER 28 U.S.C. §
16                                         1331 AND 28 U.S.C. § 1441(B)
                Defendants.
17                                         Department 16
                                           Honorable John Lawrence Appel
18

19

20

21

22

23

24

25

26

27

28

— 1 —                    DOCSOAK-9916172.1-KHARA 8/18/08 2:30 PM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA AND TO PLAINTIFF:

PLEASE TAKE NOTICE that, on August 18, 2008, defendant Schering-Plough Corporation filed a Notice of Removal of this action in the United States District Court for the Northern District of California. A copy of the Notice of Removal is attached hereto. This notice, together with the Notice of Removal, is hereby served on plaintiff and filed in the Superior Court of the State of California for the County of Alameda.

DATED: August 18, 2008.

REED SMITH LLP

By _____

Lisa M. Carvalho
Daniel J. Valim
Attorneys for Defendant
Schering-Plough Corporation

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9916172.1-KHARA 8/18/08 2:30 PM

Defendant Schering-Plough Corporation's Notice to The Clerk of the Superior Court Of Alameda County And To Adverse Party Of Removal to Federal Court Under 28 U. S. C. § 1331 and 28 U. S. C. § 1441(b)

1   Lisa M. Carvalho (SBN 161420)
    Email: lcarvalho@reedsmith.com
2   Daniel J. Valim (SBN 233061)
    Email: dvalim@reedsmith.com
3   REED SMITH LLP
    1999 Harrison Street, Suite 2400
4   Oakland, CA 94612-3572

5   **Mailing Address:**
    P.O. Box 2084
6   Oakland, CA 94604-2084

7   Telephone:   +1 510 763 2000
    Facsimile:   +1 510 273 8832
8
    Attorneys for Defendant
9   Schering-Plough Corporation

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12   SHELLEY BLAM,                        No.: C08-03944

13              Plaintiff,                **NOTICE OF REMOVAL OF CIVIL
                                          ACTION**
14         vs.

15   SCHERING-PLOUGH CORPORATION, DOES
     1 TO 10,
16
                Defendants.
17

18

19

20

21

22              **NOTICE OF REMOVAL**

23         Pursuant to 28 U.S.C. §§ 1331 and 1441(b), Defendant Schering-Plough Corporation

24   ("Schering-Plough") gives notice that Shelley Blam v. Schering-Plough Corporation is hereby

25   removed to the United States District Court for the Northern District of California from the

26   California Superior Court of Alameda County, Case RG08397844, Filing Date July 14, 2008, where

27   said case was originally filed and is currently pending. A copy of all process, pleadings and orders

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

served upon defendant Schering-Plough is filed with this Notice as Exhibit A.

## Jurisdiction

For the reasons set forth in Paragraphs 1 through 8 below, the present action is a civil action over which this Court has original jurisdiction under the provisions of 29 U.S.C. § 1331 and ERISA § 502(e), 20 U.S.C. § 1132(e).

## Statement of Grounds for Removal

1.     The Complaint in the above-captioned action was filed in the California Superior Court of Alameda County on or about July 14, 2008 and purportedly was served on the purported Defendant by Certified Mail.  Schering-Plough received the Complaint on July 19, 2008.

2.     No further proceedings have occurred.

3.     Plaintiff alleges she was an employee of Schering Plough Corporation. Complaint at page 3, ¶ BC-2a (attachment to Complaint).

4.     Plaintiff alleges that the amounts owing to her by the purported Defendant are pursuant to an agreement for "severance pay."  She further alleges that she was to be paid these amounts subject to the termination of her job as a result of "workforce restructuring."  Complaint at page 3, para. BC-1.

5.     Severance pay for employees of defendant Schering Plough is governed by Schering-Plough's Severance Benefit Plan, which is the plan under which Plaintiff claims entitlement to severance pay in the Complaint.

6.     Plaintiff alleges at page 3 of the Complaint ("First Cause of Action – Breach

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

of Contract") that severance pay at Schering Plough (as provided by the Severance Benefit Plan), is

to be paid to an employee for a period of 26 weeks if the employee was terminated as a result of

workforce restructuring or for a period of 8 weeks if the employee was terminated for cause (*see*

Complaint, page 2 of attachment BC-2, para. f.). The Severance Benefit Plan is an ERISA plan as it

is an employee welfare benefits plan, as defined by the Employee Retirement Income Security Act

of 1974 § 3(1), 29 U.S.C. §§ 1002(1), *et. seq*., as amended ("ERISA"). Under those sections,

ERISA provides that an employee welfare benefits plan means any fund, plan or program

established by an employer for the purpose of paying benefits in the event of unemployment.

Accordingly, the severance benefits and arrangement that Plaintiff refers to in her Complaint is, as a

matter of federal law, an employee welfare benefits plan governed by ERISA. (The Severance

Benefit Plan hereinafter is referred to as the "ERISA Plan.")

7.    Plaintiff asserts that she was terminated as a result of workforce restructuring

as defined by the ERISA Plan. Complaint at p. 3. Plaintiff exhausted her administrative remedies

under the terms of the ERISA Plan.

8.    Under the "artful pleading" exception to the "well pleaded complaint" rule,

and for the further reasons set forth herein, federal law completely preempts all of plaintiff's claims

herein, and federal jurisdiction is proper. Specifically, because Plaintiff's claims seek ERISA

benefits and remedies and, in addition, "relate[s] to" an employee benefit plan, then pursuant to

ERISA § 514, 29 U.S.C. § 1144, Plaintiff's purported state law claims are governed and displaced

by ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and are completely preempted by ERISA.

*Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 66 (1987) (notwithstanding the "well-

pleaded complaint rule," Congress may so completely pre-empt a particular area that any civil

complaint raising a select group of claims [including ERISA claims] is necessarily federal in

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9916177.3-DVALIM 8/18/08 2:31 PM

1    character." *Id.* at 63.)

2

3            9.     For the reasons set forth in Paragraphs 1 through 8 above, the present action is

4    a civil action over which this Court has original jurisdiction under the provisions of 29 U.S.C. §

5    1331 and ERISA § 502(e), 20 U.S.C. § 1132(e).

6

7            10.    This is a civil action which may be removed to this Court by Defendant

8    pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441(b), as a civil action founded upon claims

9    or rights arising under the Constitution, laws or treaties of the United States.

10

11            11.    The procedural requirements of 28 U.S.C. § 1446 have been met. The initial

12    pleading in this case from which it could be ascertained that the action was removable was the

13    Complaint. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), being filed within 30

14    days of the date on which the removing Defendant received that document. Currently there are no

15    other defendants who have appeared in this action, and only other Doe defendants have been named.

16

17            WHEREFORE, Schering Plough Corporation provides notice that the present civil

18    action commenced against it has been removed to this Court.

19

20          DATED:  August 18, 2008.        Respectfully submitted,

21                                REED SMITH LLP

22                                By_____

23                                  Lisa M. Carvalho

24                                  Daniel J. Valim
                              Attorneys for Defendant

25                                  Schering-Plough Corporation

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>SCHERING-PLOUGH CORP.<br>Does 1 to 10<br><br>REC'D JUL 2 3 2008<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>SHELLEY BLAM | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUL 1 4 2008<br><br>CLERK OF THE SUPERIOR COURT<br>By   CHERYL CLARK<br>             Deputy |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court<br>1225 Fallon St.<br>Oakland, CA 94612 | **CASE NUMBER:**<br>*(Número del Caso):* **R G 0 8 3 9 7 8 4 4** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steve Condie, 11 Embarcadero West, Suite 140, Oakland, CA  94607
510.272.0200

| | | | |
|---|---|---|---|
| DATE: **JUL 1 4 2008**<br>*(Fecha)* | PAT S. SWEETEN<br>EXECUTIVE OFFICER/CLERK | Clerk, by   CHERYL CLARK<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☒ on behalf of *(specify):* Schering-Plough Corp.<br><br>   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)<br>          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>          ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

PLD-C-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Steve Condie, CSB #60855<br>11 Embarcadero West, Suite 140<br>Oakland, CA 94607<br><span style="font-size:8px">TELEPHONE NO:</span> 510.272.0200      <span style="font-size:8px">FAX NO. *(Optional)*:</span><br><span style="font-size:8px">E-MAIL ADDRESS *(Optional)*:</span><br><span style="font-size:8px">ATTORNEY FOR *(Name)*:</span> Shelley Blam | FOR COURT USE ONLY<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUL 1 4 2008<br><br>CLERK OF THE SUPERIOR COURT<br>By ___CHERYL CLARK___<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94611
BRANCH NAME:

PLAINTIFF: Shelley Blam

DEFENDANT: Schering-Plough Corporation

[✓] DOES 1 TO 10

**CONTRACT**

| | |
|---|---|
| [✓] COMPLAINT | [ ] AMENDED COMPLAINT *(Number):* |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number):* |

| | |
|---|---|
| Jurisdiction *(check all that apply):*<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>    Amount demanded    [ ] does not exceed $10,000<br>                              [ ] exceeds $10,000 but does not exceed $25,000<br>[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CASE NUMBER:<br><br>RG08397844 |

1. Plaintiff* *(name or names):*
   Shelley Blam
   alleges causes of action against defendant* *(name or names):*
   Schering-Plough Corporation
2. This pleading, including attachments and exhibits, consists of the following number of pages: **6**
3. a. Each plaintiff named above is a competent adult
      [ ] except plaintiff *(name):*
            (1) [ ] a corporation qualified to do business in California
            (2) [ ] an unincorporated entity *(describe):*
            (3) [ ] other *(specify):*

   b. [ ] Plaintiff *(name):*
         a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

         b. [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [✓] except defendant *(name):* Schering-Plough Corp     [ ] except defendant *(name):*
            (1) [ ] a business organization, form unknown         (1) [ ] a business organization, form unknown
            (2) [✓] a corporation                                          (2) [ ] a corporation
            (3) [ ] an unincorporated entity *(describe):*            (3) [ ] an unincorporated entity *(describe):*

            (4) [ ] a public entity *(describe):*                        (4) [ ] a public entity *(describe):*

            (5) [ ] other *(specify):*                                      (5) [ ] other *(specify):*

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Blam v. Schering-Plough Corporation | |

4.  *(Continued)*

   b. The true names of defendants sued as Does are unknown to plaintiff.

     (1) ☑ Doe defendants *(specify Doe numbers):* 1-5 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

     (2) ☑ Doe defendants *(specify Doe numbers):* 6-10 _____ are persons whose capacities are unknown to plaintiff.

   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and

   a. ☐ has complied with applicable claims statutes, *or*

   b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because

   a. ☑ a defendant entered into the contract here.

   b. ☐ a defendant lived here when the contract was entered into.

   c. ☐ a defendant lives here now.

   d. ☑ the contract was to be performed here.

   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.

   f. ☐ real property that is the subject of this action is located here.

   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

   ☑ Breach of Contract

   ☐ Common Counts

   ☐ Other *(specify):*

9. ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

   a. ☑ damages of: $ 60,594.28

   b. ☑ interest on the damages

     (1) ☑ according to proof

     (2) ☐ at the rate of *(specify):*     percent per year from *(date):*

   c. ☑ attorney's fees

     (1) ☐ of: $

     (2) ☑ according to proof.

   d. ☐ other *(specify):*

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: July 9, 2008

Steve Condie

_____     ►     _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Blam v. Schering-Plough Corporation | |

FIRST_____ CAUSE OF ACTION—Breach of Contract
(number)

ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name):* Shelley Blam

alleges that on or about *(date):* January 3, 2006
a [✓] written  [ ] oral  [ ] other *(specify):*
agreement was made between *(name parties to agreement):*
Shelley Blam and Schering-Plough Corp.

[ ] A copy of the agreement is attached as Exhibit A, or
[✓] The essential terms of the agreement  [ ] are stated in Attachment BC-1  [✓] are as follows *(specify):*

As a term of her employment with Schering-Plough Corp., plaintiff was promised that if she was terminated from her job as a result of workforce restructuring she would be paid 26 weeks of severance pay. That severance pay would only be reduced if she was terminated for bona fide "nonperformance" of her job.

BC-2.  On or about *(dates):* July 17, 2007
defendant breached the agreement by  [✓] the acts specified in Attachment BC-2  [ ] the following acts *(specify):*


See also attachment BC-3

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4  [✓] as follows *(specify):*

18 weeks of severance pay, with a value as of July 17, 2007 of $44,567.31.


BC-5.  [✓]  Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[✓] according to proof.
BC-6.  [✓]  Other:

Waiting time penalties under California Labor Code section 203 in the sum of $16,026.97

Page  3 of 6

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]  CAUSE OF ACTION—Breach of Contract  Code of Civil Procedure, § 425.12
www.JuriSearch.com

Blam v. Schering-Plough                                    Attachment BC-2

---

**BC-2**

a. In January 2006 Plaintiff Shelley Blam was employed by Schering-Plough Corp., a multi-national drug company based in New Jersey, as an Oncology Medical Science Liaison (MSL).   Her job was to work as a liaison between the company and medical researchers and others involved in cancer research in universities and other research institutions in Northern California and the western United States.  The job requires a high degree of technical and academic knowledge and expertise.  Plaintiff holds a PhD in Cancer Biology.

b. Later in 2006 the company hired Dr. Steven Kolkin, who also lives in California, to work as a director in a newly-created department within Schering-Plough: "Health Outcomes."   However, that department was effectively eliminated by the end of 2006, leaving him with no active job assignment as of January, 2007.  By early April 2007 all Schering-Plough employees who had been assigned to the "Health Outcomes" project had been reassigned to other duties except for Dr. Kolkin.

c. Plaintiff was outstanding in the performance of her job, exceeding all assigned performance benchmarks and earning a 37% bonus for 2006 which was issued to her in March, 2007, as well as corporate "Shining Performance" commendations.  However, she was informed by a Schering-Plough supervisory employee in the Spring of 2007 that the company planned to have Dr. Kolkin, who had MSL experience at a different company and had no job function to perform at Schering-Plough at that point, replace her in her job after completing the necessary training.

d. In July, 2007, when Dr. Kolkin had completed most of his training, plaintiff was accused by her superiors at Schering-Plough of committing a serious breach of corporate responsibilities by updating an independent cancer researcher at the University of California,

Blam v. Schering-Plough                                                    Attachment BC-2

San Francisco about the status of his research proposal with Schering-Plough by advising him that there were "IP issues" with his proposal because his proposed study used a competing company's product which performed a medical function which a product the company had under development was designed to perform, because (the company claimed) Schering-Plough's product was a secret and she should have concealed its existence from the researcher.

e. Those claims were false. Not only had the company publicly disclosed the existence of the product it was claiming was "secret" two months before, but plaintiff's disclosure of the "IP issue" to the researcher within the context of addressing a proposed independent cancer research study at a major research University was entirely proper and within company policy and practices for a medical science liaison even if it had related to a product which had not been publicly disclosed by the company.

f. Plaintiff was terminated on July 17, 2007. She was told that she was being terminated due to "nonperformance" because of her disclosure of the "IP issue" to the independent researcher, and would be receiving 8 weeks of severance pay instead of the 26 weeks she would be entitled to if terminated as a part of a "workforce restructuring." The accusations made against plaintiff were a pretext. The actions she had performed which were alleged to justify her termination were entirely appropriate and in the best interests of the company, as well as being routine duties that medical science liaisons perform on a regular basis. Plaintiff was actually terminated to make room for Dr. Kolkin due to the workforce restructuring which had eliminated his job, pursuant to a plan of action the company had decided upon months prior to the events which the company claimed justified her termination for "nonperformance."

g. Dr. Kolkin was formally assigned to plaintiff's job on July 26, 2007.

Blam v. Schering-Plough                                    Attachment BC-3

**BC-3**

     Plaintiff has exhausted the internal company grievance procedures provided by Schering-Plough.  The company has resorted to a shifting set of excuses for her termination, but <u>has never denied</u> that a decision had been made to place Dr. Kolkin in her job <u>prior</u> to the events the company has claimed were the "reason" for her termination.  Plaintiff has demanded that the company produce copies of any documents supporting the company's claim of "nonperformance", but the company has failed and refused to produce any such documents.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Steve Condie, CSB #60855<br>11 Embarcadero West, Suite 140<br>Oakland, CA  94607<br>TELEPHONE NO.: 510.272.0200    FAX NO.:<br>ATTORNEY FOR *(Name):* Shelley Blam | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: Oakland, CA 94611
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME: Blam v. Schering-Plough Corporation

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 4 2008

CLERK OF THE SUPERIOR COURT
By  CHERYL CLARK
                        Deputy

| CIVIL CASE COVER SHEET<br>[✓] Unlimited   [ ] Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>R G 0 8 3 9 7 8 4 4 |
|---|---|---|
| | | JUDGE:<br>DEPT: |

Items 1–6 below must be completed *(see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 10,2008

Steve Condie
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1. 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

Condie, Steve
11 Embarcadero West
Suite 140
Oakland, CA   94607-____

## Superior Court of California, County of Alameda

| Blam | |
|---|---|
| | Plaintiff/Petitioner(s) |
| VS. | |
| Schering-Plough Corporation | |
| | Defendant/Respondent(s) |
| | (Abbreviated Title) |

No. RG08397844

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 11/26/2008 | Department: 16 | Judge: Lawrence John Appel |
|---|---|---|
| Time: 09:00 AM | Location: **Administration Building** | Clerk: **Ana Liza Tumonong** |
| | **Third Floor** | Clerk telephone: **(510) 267-6932** |
| | **1221 Oak Street, Oakland CA 94612** | E-mail: |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax: |

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least **15** days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/16/2008.

By _____

Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: RG08397844
Case Title:     Blam VS Schering-Plough Corporation
Date of Filing: 07/14/2008


TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**This case is hereby assigned for all purposes to:**

| | |
|---|---|
| **Judge:** | **Lawrence John Appel** |
| **Department:** | **16** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6932** |
| **Fax Number:** | |
| **Email Address:** | |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law.  (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Lawrence John Appel
DEPARTMENT 16

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

### Schedule for Department 16

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Tuesdays through Thursdays from 9:45 a.m. to 4:30 p.m.
- Case Management Conferences are held: Initial Case Management Conferences: Tuesdays through Fridays at 9:00 a.m.
- Case Management Conference Continuances: Tuesdays through Thursdays at 9:30 a.m.
- Law and Motion matters are heard: Mondays at 9:00 a.m. and 3:00 p.m.
- Settlement Conferences are heard: Fridays at 10:00 a.m.
- Ex Parte matters are heard: Tuesdays and Fridays at 9:00 a.m.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Phone:        (510) 267-6932


- Ex Parte Matters
  Phone:        (510) 267-6932


### Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 16
- Phone: 1-866-223-2244

Dated: 07/15/2008

Executive Officer / Clerk of the Superior Court

By _____

digital

Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/16/2008

By _____

digital

Deputy Clerk

## PROOF OF SERVICE BY MAIL
CCP §415.40

I, Steve Condie, declare:

I am over the age of eighteen years, and not a party to this case. I am a member of the bar of this Court.

On July 16, 2008, I served the foregoing document(s) described as SUMMONS, COMPLAINT (CONTRACT), CIVIL CASE COVER SHEET, NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER and NOTICE OF JUDICIAL ASSIGNMENT FOR ALL PURPOSES on the interested parties in this matter by placing the true copies thereof in a sealed envelope addressed as follows:

Vincent Sweeney
Administrative Committee
c/o Schering-Plough Corporation
2000 Galloping Hill Rd.
Kenilworth, NJ 07033

I caused such envelope to be deposited in the mail at Oakland, California. The envelope was mailed with postage thereon fully prepaid, requiring a return receipt. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed July 16, 2008, at Oakland, California.

_____
Steve Condie