REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Lisa M. Carvalho (SBN 161420)
    Email:  lcarvalho@reedsmith.com
2   Daniel J. Valim (SBN 233061)
    Email:  dvalim@reedsmith.com
3   REED SMITH LLP
    1999 Harrison Street, Suite 2400
4   Oakland, CA  94612-3572

5   **Mailing Address:**
    P.O. Box 2084
6   Oakland, CA  94604-2084

7   Telephone:     +1 510 763 2000
    Facsimile:     +1 510 273 8832
8
    Attorneys for Defendant
9   Schering-Plough Corporation

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12  SHELLEY BLAM,                          No.: C 08-03944 MMC

13                  Plaintiff,             **DEFENDANT SCHERING-PLOUGH
                                           CORPORATION'S BRIEF IN SUPPORT
14        vs.                              OF ITS MOTION TO DISMISS
                                           COMPLAINT [F.R.C.P. 12(B)(6)]**
15  SCHERING-PLOUGH CORPORATION, DOES
    1 TO 10,                               **Date:              October 3, 2008**
16                                         **Time:              9:00 a.m.**
                    Defendants.            **Place:             Courtroom 7**
17
                                           **Hon. Maxine M. Chesney**
18

19

20

21

22

23

24

25

26

27

28

DOCSOAK-9916436.5-DVALIM

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ............................................................................................................1

II.     STATEMENT OF FACTS .............................................................................................1

III.    POINTS AND AUTHORITIES ....................................................................................3

        A.      Grounds for Motion to Dismiss ........................................................................3

        B.      Plaintiff's State Law Claims Are Governed and Completely Preempted
                By ERISA ..............................................................................................................4

        C.      Defendant Schering-Plough Corporation Is Not A Proper Party To
                Plaintiff's Action Under ERISA ........................................................................6

IV.     CONCLUSION................................................................................................................8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant's Brief in Support of Motion to Dismiss Plaintiff's Complaint
No.: C 08-03944 MHP

1

## **TABLE OF AUTHORITIES**

2

**Page**

3

**CASES**

4

*Alessi v. Raybestos-Manhattan, Inc.,*
  451 U.S. 504 (1981)..................................................................................................................7

5

*Balistreri v. Pacifica Police Dept.,*
6  901 F.2d 696 (9th Cir. 1990) ...................................................................................................3

7

*Branch v. Tunnell,*
  14 F.3d 449 (9th Cir. 1994) .....................................................................................................2

8

*Conley v. Gibson,*
9  355 U.S. 41 (1957)....................................................................................................................3

10

*Epstein v. Washington Energy Co.,*
  83 F.3d 1136 (9th Cir. 1996) ...................................................................................................4

11

*FMC Corp. v. Holliday,*
12  498 U.S. 52 (1990)....................................................................................................................4

13

*Galbraith v. County of Santa Clara,*
  307 F.3d 1119 (9th Cir. 2002) .................................................................................................2

14

*Gelardi v. Pertec Computer Corp.,*
15  761 F.2d 1323 (9th Cir. 1985) .................................................................................................7

16

*Gibson v. Prudential Ins. Co. of America,*
  915 F.2d 414 (9th Cir. 1990) ...................................................................................................7

17

*Gilbert v. Burlington Industries, Inc.,*
18  765 F.2d 320 (2d Cir. 1985) ....................................................................................................5

19

*Haddock v. Board of Dental Examiners,*
  777 F.2d 462 (9th Cir. 1985) ...................................................................................................4

20

*Hoheb v. Muriel,*
21  753 F.2d 24 (3d Cir. 1985) ......................................................................................................6

22

*In re DeLorean Motor Co.,*
  991 F.2d 1236 (6th Cir. 1993) .................................................................................................4

23

*Ingersoll-Rand Co. v. McClendon,*
24  498 U.S. 133 (1990).............................................................................................................4, 6

25

*Janney Montgomery Scott v. Shepard Niles,*
  11 F.3d 399 (3d Cir. 1993) ......................................................................................................6

26

*Ky. Ass'n of Health Plans, Inc. v. Miller,*
27  538 U.S. 329 (2003)..................................................................................................................5

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Madden v. ITT Long Term Disability Plan for Salaried Employees,*
  914 F.2d 1279 (9th Cir. 1990) ...........................................................................................7

*Massachusetts v. Morash,*
  490 U.S. 107 (1989)..........................................................................................................5

*Nachman Corp. v PBGC,*
  446 U.S. 359 (1979)..........................................................................................................7

*Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.,*
  998 F.2d 1192 (3rd Cir. 1993) .........................................................................................2

*Pilot Life Ins. Co. v. Dedeaux,*
  481 U.S. 41 (1987).....................................................................................................4, 5, 6

*Provident Tradesmens Bank & Trust Co. v. Patterson,*
  390 U.S. 102 (1968)..........................................................................................................6

*Robertson v. Dean Witter Reynolds, Inc.,*
  749 F.2d 530 (9th Cir. 1984) ............................................................................................3

*Steel Valley Author. v. Union Switch & Signal Div.,*
  809 F.2d 1006 (3d Cir. 1987) ...........................................................................................6

*Taylor v. F.D.I.C.,*
  132 F.3d 753 (D.C. Cir. 1997) .........................................................................................4

**STATUTES**

29 C.F.R. § 2510.3-1(a)(3)....................................................................................................5

29 U.S.C. § 1001....................................................................................................................1

29 U.S.C. §1002.....................................................................................................................7

29 U.S.C. § 1132...........................................................................................................5, 7, 8

29 U.S.C. § 1144...........................................................................................................1, 4, 5

Fed. R. Civ. Proc. §12(b)(6) .................................................................................................3

Fed. R. Civ. Proc. §19...........................................................................................................6

DOCSOAK-9916436.5-DVALIM 8/25/08 3:37 PM

Defendant's Brief in Support of Motion to Dismiss Plaintiff's Complaint
No.: C 08-03944 MHP

1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I.   INTRODUCTION

Plaintiff originally filed this lawsuit in California state court after, and because, Defendant Schering-Plough Corporation's Severance Benefit Plan ("Severance Benefit Plan") denied Plaintiff's administrative appeal under the Severance Benefit Plan, in which Plaintiff sought 26 weeks of severance pay.  Such claimed benefits, on account of severance or unemployment, are benefits enumerated under section 3(1) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.,* as amended ("ERISA").  They are, as a matter of federal law, ERISA benefits.  Moreover, any such benefits are payable under, and in accordance with, the administrative procedures of the Severance Benefit Plan, an ERISA plan.  Plaintiff did not sue the sole necessary and indispensable party to a claim for ERISA benefits, namely, the Severance Benefit Plan, which alone has the authority to grant or deny the severance benefits sought in this case.  Instead, she sued an improper party, Defendant Schering-Plough Corporation, which is entitled to have the claim against it dismissed.

In addition, Plaintiff purports to assert solely state law claims for, and relating to, the claimed ERISA benefits.  Plaintiff's claims are completely preempted by ERISA § 514, 29 U.S.C. § 1144.  Accordingly, all claims in the Complaint should be dismissed.

For the above reasons, the Complaint herein should be dismissed because the pleaded state law claims are completely preempted by ERISA, and were filed against an improper party.

## II.   STATEMENT OF FACTS

Plaintiff artfully pled her Complaint purportedly under California state contract and wage/hour law, apparently in an effort to avoid expressly asserting her federal cause of action under ERISA.  As such, the following statement of facts provides context for the present Motion to Dismiss, being based upon matters set forth in the Complaint and the governing ERISA benefit plan documents.

Although Plaintiff states in her Complaint that she was an employee of Defendant Schering-Plough Corporation, Plaintiff actually was an employee of Schering Corporation as of July 17, 2007. *See* Complaint at BC-2 ¶ f and Declaration of Vincent Sweeney ("Sweeney Dec.") filed

– 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  and served herewith, ¶ 2. Plaintiff's employment was terminated on July 17, 2007, for

2  "nonperformance," in connection with which Plaintiff allegedly was informed that her

3  "nonperformance" consisted of her disclosure of an "IP" issue to an independent researcher.

4  Complaint at BC-2 ¶ f.   Plaintiff further alleges that because she was terminated for

5  "nonperformance," she was given only 8 weeks of severance pay, instead of the 26 weeks of

6  severance pay to which she allegedly would have been entitled had she been terminated for

7  "workforce restructuring."   Complaint at BC-2 ¶ f. In light of Plaintiff's status as a full-time

8  employee of Schering Corporation,[1] the severance benefits to which Plaintiff claims she was entitled

9  were governed by the Severance Benefit Plan (a copy of which is attached as <u>Exhibit A</u> to the

10  Sweeney Dec.[2]).  The benefits that Plaintiff claims she deserved under the "workforce restructuring"

11  provision of the Severance Benefit Plan consisted of the payment of 26 weeks of severance pay.

12  Complaint at BC-1, BC-2 ¶ f.  To be eligible for 26 weeks of pay instead of 8 weeks, an employee

13  had to be found, among other things, to have been terminated as a result of "workforce restructuring"

14  as defined by the Severance Benefit Plan in accordance with its terms and administrative procedures.

15  Complaint at BC-1, BC-2 ¶ f, Sweeney Dec., <u>Ex. A</u> at p. 4 ¶¶1.24, 1.25, p. 6 ¶ 2.01, p. 8 ¶ 3.01, pp.

16  17, 18.

17       Severance pay under the Severance Benefit Plan is an *unfunded* benefit. *See* Sweeney

18  Dec., <u>Ex. A</u> at p. 15 ¶ 8.07.  This means that, if the Severance Benefit Plan found that benefits were

19  payable, Schering-Plough Corporation was required to pay them. *Id.* at p. 12 ¶ 5.03.  Schering-

20  Plough Corporation is bound by Severance Benefit Plan's determination regarding benefit

21

22  [1] The Severance Benefit Plan provides severance benefits to certain eligible employees of Schering-Plough
23  Corporation's participating affiliates that have adopted the plan.  Schering Corporation is one such entity.  *See* Sweeney
Dec. ¶ 2.

24  [2] Plaintiff did not attach a copy of the Severance Benefit Plan or the Summary Plan Description to her Complaint.
25  However, where a plaintiff refers to a document in her Complaint, even if the document is not attached to the Complaint,
the defendant may attach and rely on such document in connection with its Rule 12(b)(6) motion. *See Branch v. Tunnell*,
26  14 F.3d 449, 454 (9th Cir. 1994) (*overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127
(9th Cir. 2002).  This rule prevents a plaintiff with a deficient or artfully pled claim from surviving a Rule 12(b)(6)
27  motion to dismiss "simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp.
v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993).

28

DOCSOAK-9916436.5-DVALIM

1    entitlement. *Id.* at p. 14 ¶ 7.02. Alternatively, if the Severance Benefit Plan finds that benefits are

2    not payable, Schering-Plough Corporation may not pay them. *Id.* at p. 14 ¶ 7.02, p. 15 ¶ 8.07.

3         Plaintiff, obviously referring in her Complaint to the terms of art contained in the

4    Severance Benefit Plan, claims that she met its definition of termination due to "workforce

5    restructuring" because she claims she was terminated in order to make room for another doctor.

6    Complaint at BC-1, BC-2 ¶ f and Sweeney Dec., <u>Ex. A</u> at p. 4 ¶¶1.24, 1.25, p. 6 ¶ 2.01, p. 8 ¶ 3.01,

7    pp. 17, 18. Plaintiff filed an initial claim for Severance Benefit Plan benefits, which was denied by

8    the Severance Benefit Plan Committee on January 16, 2008. *See* <u>Ex. B</u> to Sweeney Dec. Plaintiff

9    appealed the initial denial of her claim for severance benefits, and the Severance Benefit Plan

10   Committee made its final determination as to her claim on May 8, 2008, denying her appeal. *See* <u>Ex.</u>

11   <u>C</u> to Sweeney Dec. In its final determination, the Severance Benefit Plan Committee found that

12   Plaintiff was not terminated for "workforce restructuring" in accordance with the Severance Benefit

13   Plan's terms. *Id.*

14        Plaintiff erroneously filed her lawsuit against the mere payer of the benefit,

15   Defendant Schering-Plough Corporation, and not the Severance Benefit Plan, which is the separate,

16   distinct legal entity that alone makes the determination regarding benefits entitlement. *See*

17   Complaint p. 1 ¶¶ 1, 4 and Sweeney Dec., <u>Ex. A</u> at p. i, p. 3 ¶1.18, p. 14 ¶ 7.02.

18                          **III.  POINTS AND AUTHORITIES**

19   **A.     Grounds for Motion to Dismiss**

20        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may bring

21   a motion to dismiss where the plaintiff has failed to state a claim upon which relief can be granted.

22   A complaint should be dismissed under Rule 12(b)(6) where "it appears beyond doubt that the

23   plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

24   *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (*citing Conley v. Gibson*, 355

25   U.S. 41, 45-46 (1957)). Dismissal is proper where the complaint lacks a cognizable legal theory, or

26   there is an absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean*

27   *Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

DOCSOAK-9916436.5-DVALIM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8

The Court shall scrutinize whether the facts pled would support any valid claim entitling plaintiff to relief under any theory. *Haddock v. Board of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).  However, conclusory allegations or legal conclusions masquerading as factual conclusions will not defeat a motion to dismiss. *See Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  The court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact.  *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Taylor v. F.D.I.C.*, 132 F.3d 753, 762 (D.C. Cir. 1997).

9

**B.     Plaintiff's State Law Claims Are Governed and Completely Preempted By ERISA**

10
11
12
13
14
15
16
17
18
19

In *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54 (1987), the United States Supreme Court made clear that ERISA § 502(a) sets forth a "comprehensive civil enforcement scheme" which Congress intended to be "exclusive," and that the continued existence of "varying state causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objectives of Congress." *Id.* at 52.[3]  The Supreme Court held that ERISA § 514 preempts and supersedes state law causes of action that relate to employee benefit plans, regardless whether state laws are designed to affect such plans; the "relate to" language of ERISA § 514 must be given an expansive reading. *Id.* at 44-46; *FMC Corp.  v. Holliday,* 498 U.S. 52, 58 (1990) (ERISA preemption provision is conspicuous for its breadth); *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 144-45 (1990) (Congress expressly included in ERISA a broadly-worded preemption provision).

20
21
22
23

Here, Plaintiff seeks a determination that the decision of the Severance Benefit Plan – to the effect that Plaintiff was <u>not</u> terminated due to "workforce restructuring" under the Plan's terms – was incorrect and unlawful.  Plaintiff's claims, purportedly expressed under state law, plainly are preempted by ERISA.

24

It is beyond dispute that the Severance Benefit Plan is an "employee welfare benefit

25
26
27

3     Section 514(a) of ERISA, 29 U.S.C. 1144(a), states in relevant part:

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   plan" as that term is defined by ERISA § 3(1).  *See* Sweeney Dec., Ex. A at p. i, p. 2 ¶ 1.13, p. 14 ¶

2   7.02.  Furthermore, the severance pay at issue is an enumerated benefit under ERISA §3(1), being a

3   benefit payable on account of unemployment.  *Id.*; 29 C.F.R. § 2510.3-1(a)(3); *Massachusetts v.*

4   *Morash*, 490 U.S. 107, 15-116 (1989), *citing Gilbert v. Burlington Industries, Inc.*, 765 F. 2d 320,

5   325-27 (2d Cir. 1985) (dismissing employee's state law and common law claims for severance pay

6   as preempted by ERISA based upon finding that severance pay is an "employee welfare benefit

7   plan" under ERISA).

8           The Department of Labor has issued regulations regarding claims and appeals

9   procedures that ERISA plans must adopt regarding claims for benefits.  As noted above, Plaintiff

10  complied with these very claims and appeals procedures, as adopted by the Severance Benefit Plan.

11  Her claim, triggered by the Severance Benefit Plan Committee's January 16, 2008, denial of her

12  administrative appeal, is a challenge to that denial and an attempt to recover benefits allegedly due to

13  her.  Plaintiff's claim is a cause of action expressly authorized by, and within the scope of, ERISA

14  § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

15          Plaintiff's purported state law contract claim and the accompanying claim for state

16  Labor Code penalties for failure to pay that are alleged in the Complaint clearly "relate to" the

17  Severance Benefit Plan and are preempted by ERISA § 514, 29 U.S.C. § 1144, because:  (1) the

18  Severance Benefit Plan is an ERISA plan; (2) severance pay is an ERISA benefit; (3) the gravamen

19  of the Complaint is a challenge to the decision of the Severance Benefit Plan; and (4) Plaintiff

20  acknowledged the ERISA character of her claim by exhausting the claims and appeals procedures of

21  the Severance Benefit Plan.  The United States Supreme Court discussed the preemptive effect of

22  ERISA and the rights and remedies a plan participant has under ERISA in *Pilot Life Insurance*

23  *Company v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (*overruled on other*

24  *grounds by Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003)).   The Court

25  concluded as follows:

26          . . . [T]he detailed provisions of § [1132(a)] set forth a comprehensive civil
            enforcement scheme that represents a careful balancing of the need for prompt and
27          fair claims settlement procedures against the public interest in encouraging the
            formation of employee benefit plans.  The policy choices reflected in the inclusion of
28          certain remedies and the exclusion of others under the federal scheme would be

Defendant's Brief in Support of Motion to Dismiss Plaintiff's Complaint
No.: C 08-03944 MHP

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

> completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. . . .
>
> The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive.

4

481 U.S. at 54.  *See also Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 111 S. Ct. 478, 112 L. Ed.

5

2d 474 (1990).

6

7

For the foregoing reasons, the state law "contract" claim and the accompanying state

law Labor Code "waiting penalties" claim that are contained in the Complaint are completely

8

preempted by ERISA § 514(a), and should be dismissed.

9

**C.     Defendant Schering-Plough Corporation Is Not A Proper Party To Plaintiff's Action Under ERISA**

10

11

As set forth above, ERISA's preemption of state law is based in part on Congressional

12

intent to make the enforcement provisions of ERISA "exclusive."  One consequence of this

13

exclusivity is that only claims *cognizable* under ERISA – that is, claims that fall within its

14

enforcement provisions – may be asserted.  Here, Plaintiff failed to sue the Severance Benefit Plan –

15

an ERISA Plan – that <u>alone</u> is responsible for determinations regarding benefit entitlement, and

16

therefore is a necessary party to this action.  It also is an indispensable party, because complete relief

17

cannot be provided in its absence; any ruling that Plaintiff actually was terminated due to Workforce

18

Restructuring could implicate additional Severance Benefit Plan benefits.  Federal Rule of Civil

19

Procedure 19 therefore requires the joinder of the Severance Benefit Plan as a party to this action.

20

Rule 19(a)'s two main criteria are phrased in the disjunctive, and satisfaction of either

21

one mandates joinder.  *Janney Montgomery Scott v. Shepard Niles*, 11 F.3d 399, 405 (3d Cir. 1993).

22

Rule 19(a) reflects "the interest of the courts and the public in *complete, consistent, and efficient*

23

*settlement of controversies*."  *Hoheb v. Muriel*, 753 F.2d 24, 26-27 (3d Cir. 1985) (emphasis added);

24

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968).  These three principles

25

guide the determination whether the Severance Benefit Plan must be joined as a party to this action.

26

The Rule 19 analysis typically is fact- and case-specific.  *Steel Valley Author. v. Union Switch &*

27

*Signal Div.*, 809 F.2d 1006 (3d Cir. 1987); *see also Provident Tradesmens, supra*, 390 U.S. at 118.

28

1    In this case, the analysis can be conducted using the undisputed facts as pled and as contained in

2    documents referenced in the Complaint and presented herewith.

3            As a matter of federal law, if an employer wishes to provide a plan for severance

4    benefits to its employees, it can do so *only through* an ERISA plan.  ERISA § 3(1), 29 U.S.C.

5    §1002(1).  Any such plan is a separate legal entity, distinct from the employer that establishes it.

6    ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1).[4]  Consistent with this provision, the Ninth Circuit has

7    definitively held that "ERISA permits suits to recover benefits only against the Plan as an

8    entity, . . ." *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985); *see also*

9    *Gibson v. Prudential Ins. Co. of America*, 915 F.2d 414, 417 (9th Cir. 1990).  ERISA's civil

10   enforcement provision, ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), authorizes participants to

11   bring suit to "recover benefits due . . . under the terms of his <u>plan</u>", to enforce "rights under the terms

12   of the <u>plan</u>", and to clarify "rights to future benefits under the terms of the <u>plan</u>."[5]  (Emphases

13   added.)  The Severance Benefit Plan, therefore, is the sole entity to which Plaintiff must look for the

14   severance benefits she seeks in her Complaint.

15           This rule is obvious and well-known.  ERISA does not entitle Plaintiff to any relief

16   against defendant Schering-Plough Corporation, because that entity is not the *plan*.  The Ninth

17   Circuit has repeatedly relied on *Gelardi* to limit benefit suits to the *plan*.  *See Gibson*, 915 F.2d at

18   417; *Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1287 (9th

19   Cir. 1990) (inclusion of employer was improper in an ERISA suit to recover benefits).

20           Plaintiff did not sue the Severance Benefit Plan, which alone should be called upon to

21   defend its own decision.  It is the Severance Benefit Plan, a separate and distinct legal entity, and not

22

---

23   4     Section 502(d)(1) establishes that "[a]n employee benefit plan may sue or <u>be</u> <u>sued</u> <u>under</u> <u>this</u> <u>title</u> <u>as</u> <u>an</u> <u>entity</u>."
     (Emphasis added.)  Section §502(d)(2) confirms this analysis by expressly providing that a judgment against an ERISA

24   plan is, with exceptions inapplicable here, "enforceable only against the plan as an entity."  Thus, any money judgment
     would run only against the Severance Benefit Plan, and not against Schering-Plough Corporation.

25   5     The import of these sections when taken together is clear.  The Supreme Court has recognized that benefit rights

26   are "enforceable against the plan." *Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 512 (1981); *Nachman Corp. v*
     *PBGC*, 446 U.S. 359, 371 (1979).  *Alessi* and *Nachman* both involve interpretation of ERISA's "non-forfeiture" provisions

27   in evaluating the legality and impact of particular Plan provisions.  In *Nachman*, the Supreme Court noted that the "statutory
     definition of [non-forfeiture in 29 U.S.C. §1002(19)] refers to 'enforceability against the plan'."  446 U.S. at 371.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 7 –                    DOCSOAK-9916436.5-DVALIM

1    Schering-Plough Corporation, that must explain the reasons for the denial of Plaintiff's

2    administrative appeal.  ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1).

3            The Severance Benefit Plan plainly has an interest in this dispute.  In fact, it is the

4    only legitimate party defendant.  Plaintiff recognizes the importance of the Severance Benefit Plan's

5    determination when she concedes that the sole basis for her alleged entitlement to the severance pay

6    is whether she falls within the definition of "terminated for Workforce Restructuring" under the

7    Severance Benefit Plan's terms.  Complaint at BC-1, BC-2 ¶ f and Sweeney Dec., <u>Ex. A</u> at p. 4

8    ¶¶1.24, 1.25, p. 6 ¶ 2.01, p. 8 ¶ 3.01, pp.17, 18.

9            Consequently, the Severance Benefit Plan not only is a necessary party, it is an

10   indispensable party.  Moreover, Defendant Schering-Plough Corporation is not a proper party at all.

11   Its only function is simply to pay severance benefits, as determined by the Severance Benefit Plan.

12

13           Therefore, the Complaint against improper party Defendant Schering-Plough

14   Corporation should be dismissed in its entirety.

15                                    **IV.   CONCLUSION.**

16           Plaintiff has asserted state law causes of action in an attempt to obtain payment of

17   benefits under an employee severance benefit plan governed by ERISA.   Not only are all of those

18   causes of action preempted under ERISA, but ERISA precludes Plaintiff from bringing suit to seek

19   payment of benefits against Defendant Schering-Plough Corporation, because it is not the proper

20   party ERISA "plan."  Accordingly, Plaintiff cannot assert any of her causes of action as pled against

21   Defendant Schering-Plough Corporation, and the Complaint should be dismissed in its entirety.

22   DATED:  August 25, 2008.                    Respectfully submitted,

23

24                                               REED SMITH LLP

25

26                                               By____/s/ Daniel J. Valim_____
                                                    Lisa M. Carvalho
27                                                  Daniel J. Valim
                                                    Attorneys for Defendant
28                                                  Schering-Plough Corporation

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 8 –                                                          DOCSOAK-9916436.5-DVALIM